# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4700-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CLARENCE L. NEAL,
a/k/a LEE NEAL,

     Defendant-Appellant.

_____

Submitted January 16, 2020 – Decided February 3, 2020

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 99-11-1272.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the briefs).

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (David Michael Liston, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Clarence L. Neal, appeals from an order that denied without an evidentiary hearing his first petition for post-conviction relief (PCR). He argues:

> DEFENDANT WAS DENIED DUE PROCESS WHEN THE JUDGE AND THE PROSECUTOR OVERSTEPPED THEIR RESPECTIVE ALLOWABLE ROLES AND ADDED COMMUNITY SUPERVISION FOR LIFE TO DEFENDANT'S JUDGMENT OF CONVICTION WITHOUT NOTIFYING DEFENDANT OR HIS LAWYER, IN VIOLATION OF DEFENDANT'S RIGHT TO DUE PROCESS.

For the reasons that follow, we affirm.

Following defendant's March 2000 guilty plea to second-degree sexual assault, the trial court sentenced him in August 2000 to a prison term of seven years with two years of parole ineligibility. The court also ordered defendant to comply with the registration requirements of Megan's Law, N.J.S.A. 2C:7-2. During the plea colloquy, defense counsel informed defendant he would be sentenced to Community Supervision for Life (CSL):[1]

> [Counsel]: You understand that, you are going to be subject to a sentence of [CSL]?

---

[1] N.J.S.A. 2C:43-6.4 was amended by L. 2003 c. 267, effective January 14, 2004. The amendment included the title change from Community Supervision for Life to Parole Supervision for Life.

A-4700-17T4

[Defendant]:  Yes, ma'am.

[Counsel]:  And you understand, if you violate any conditions of community supervision, you will be charged with a felony offense, carrying a term of incarceration up to 18 months?

[Defendant]:  (Whereupon defendant shakes his head.)

Defense counsel later questioned defendant about the plea forms they had reviewed:

[Counsel]:  Now, we also went through another form, called [CSL]; right?

[Defendant]:  Yes, ma'am.

[Counsel]:  Although you didn't sign that, because it is not part of the plea agreement.  We went over page number one?

[Defendant]:  Yes, ma'am.

[Counsel]:  And the back page; right?

[Defendant]:  Yes, ma'am.

[Counsel]:  In fact, you wanted me to stop going over it, because it got boring; right?

[Defendant]:  Yes, ma'am.

[Counsel]:  But we did go through each and every point on the page?

[Defendant]:  Yes, ma'am.

3

The pleas forms defendant signed explained CSL:

4.      Community Supervision for Life

a)      Do you understand that if you are pleading guilty to the crime of aggravated sexual assault, sexual assault, aggravated criminal sexual contact, kidnapping pursuant to 2C:13-lc(2), endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child pursuant to 2C:24-4a, luring, or an attempt to commit any such offense, the Court, in addition to any other sentence, will impose a special sentence of [CSL]?

b)      Do you understand that if you violate the special sentence of community supervision you may be charged with a fourth[-]degree crime?

c)      Do you understand that if you violate a special sentence of community supervision by committing murder, felony murder, aggravated manslaughter, manslaughter, aggravated assault, kidnapping, enticing child into a motor vehicle, structure or isolated area, aggravated sexual assault or sexual assault, aggravated criminal sexual contact or sexual contact, endangering the welfare of children, second[-]degree burglary or unlawful possession of a firearm with intent to use it unlawfully against the person or property of another, if you are convicted of that crime you will receive an extended term of imprisonment?

4

Defendant circled "yes" after each question. In sections 4 b) and c), the typewritten word "service" in the phrase "community service for life" was crossed out in pen and the word "supervision" was handwritten above the typewritten word "service."

Notwithstanding that the court told defendant he would be sentenced to CSL, and notwithstanding the same information in the plea forms defense counsel discussed with defendant, the court omitted during the sentencing proceeding mention of CSL and omitted to include CSL on the judgment of conviction.

The trial court amended the judgment of conviction four times. The second time, on September 4, 2003, the court added: "***COMMUNITY SUPERVISION FOR LIFE APPLIES TO THIS DEFENDANT***[.]" The court did not notify defendant, who was incarcerated, of its intent to amend the judgment of conviction or the amendment.

Defendant was released from prison on March 12, 2004. Eight days earlier, he signed a "Community Supervision for Life" document. The document's first paragraph stated:

> I understand that pursuant to N.J.S.A. 2C:436.4 my sentence includes a special sentence of [CSL]. I understand that during the service of the special sentence of [CSL] I shall be under the supervision of

5

the Division of Parole, State Parole Board and shall be subject to the following general conditions as established by the State Parole Board.

This paragraph was followed by numerous conditions. On the third page, below the typewritten declarations "I understand that a violation of a condition specified above without good cause constitutes a crime of the fourth degree" and "I hereby acknowledge receiving this date a copy of the above conditions[,]" defendant signed the document. His signature was witnessed. The date was March 4, 2004.

Following his release from prison, defendant violated conditions of CSL five times and pleaded guilty to either that or a related fourth-degree offense. The first violation occurred on April 6, 2008, the last on April 24, 2015. Defendant moved to dismiss two 2015 indictments based upon double jeopardy, due process and the "State's failure to sentence the defendant to Community Supervision for Life[.]" The trial court denied the motion. Defendant did not appeal.

Seventeen years after pleading guilty, defendant filed a PCR petition on June 6, 2017. He argued, among other contentions, that the trial court's numerous changes to the judgment of conviction, without notice to him and

6

without a hearing, violated due process. Following the assignment of counsel, defendant amended and supplemented his petition.

The trial court denied defendant's PCR petition. After recounting the events that had occurred between defendant's sentencing and the filing of his PCR petition, the court noted defendant never appealed any of the intervening convictions stemming from his violation of the conditions of CSL. The court further noted that in 2015 and 2017, defendant "attempted to dismiss the last two [i]ndictments on the grounds that the amendments to the [judgment of conviction] were unconstitutional. Those [m]otions were denied by the respective trial [j]udges at that time. And again, no appeal has been filed."

The court determined that even if defendant were not aware of his rights until 2010, considered by the court to be "the most generous reading of the time line," he did not file his PCR petition until 2017, approximately seven years later. The court added that defendant had offered "no compelling evidence of excusable neglect, or showing of a fundamental injustice, which both have to be shown in order for the [c]ourt to waive the time bar." The court concluded the petition was time-barred.

The court continued and addressed the merits of the petition. The court found defendant had not shown his counsel was ineffective. In fact, during the

plea colloquy, counsel carefully explained to defendant that he would be placed on CSL. Counsel also explained the consequences of violating the conditions of such supervision. The trial court noted defendant's "beef, so to speak," was not with counsel but rather with the judge who omitted checking a box on the judgment of conviction. The omission was detected and remedied before defendant had completed serving his sentence. The court determined that under such circumstances the correction was permissible under the law.

This appeal followed. We affirm, substantially for the reasons expressed by the trial court. Generally, first PCR petitions may not be filed more than five years after the date of entry of the judgment of conviction being challenged. R. 3:22-12(a)(1). Exceptions include "excusable neglect and . . . a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[,]" R. 3:22-12(a)(1)(A); and, the petition is filed within one year of the date on which the factual predicate for relief was discovered, R. 3:22-12(a)(1)(B) and (a)(2)(B).

Here, the trial court did not err when it determined defendant had not demonstrated either excusable neglect of the possibility of fundamental injustice. This is particularly so given that when defendant pled guilty he was quite clearly informed that the sentence would include CSL, which was

8

mandatory. In addition, in his brief defendant acknowledges he became aware of what he characterizes as his "resentencing" when he was released from prison. Even though he was released from prison in March 2004, defendant did not file the petition until 2017. In the interim, he had raised the issue in motions to dismiss indictments charging him with violations of CSL but did not appeal the denial of those motions.

We have considered defendant's remaining arguments and found them to be without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4700-17T4